UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

JOSHUA E. SINS

VERSUS

STATE FARM INSURANCE COMPANY

CIVIL ACTION NO.

19-791-JWD-EWD

**<u>NOTICE AND ORDER</u>**

On July 31, 2019, Joshua E. Sins ("Plaintiff") filed a Petition for Damages (the "Petition") against State Farm Insurance Company ("Defendant"). On November 18, 2019, State Farm Mutual Automobile Insurance Company ("State Farm Mutual") filed a Notice of Removal based on the assertion that this Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1332.[1]

Per the Petition, Plaintiff alleges he is a Louisiana domiciliary.[2] In its Notice of Removal, State Farm Mutual alleges that it is a "company formed under the laws of Illinois with its principal place of business in Illinois."[3] However, State Farm Mutual is not currently a named defendant in this suit, and the Notice of Removal fails to allege the citizenship of Defendant, State Farm Insurance Company.

28 U.S.C. § 1441(a) provides that "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the **defendant or the defendants**, to the district court of the United States for the district and division embracing the place where such action is

---

[1] R. Doc. 1, ¶ 11. With respect to the amount in controversy, State Farm Mutual asserts that Plaintiff admitted his damages exceed $75,000 in discovery responses. *See*, R. Doc. 1-2, p. 16; R. Doc. 1, ¶ 5.

[2] R. Doc. 1-2, p. 2.

[3] R. Doc. 1,

1

pending."[4] In an unpublished opinion, the Fifth Circuit has stated that "[u]nder 28 U.S.C. § 1441(a), only a defendant may remove a civil action from state court to federal court. A non-party, even one that claims to be a real party in interest, lacks the authority to institute removal proceedings."[5] However, courts in this circuit have distinguished situations in which a removing party is misnamed (*i.e.*, all parties agree that the removing party is the proper defendant) and "the Court would not be manufacturing diversity jurisdiction based on inserting defendants into or dismissing them from a case."[6]

To the extent State Farm Insurance Company (*i.e.*, the currently named insurer defendant) is also diverse from Plaintiff, the question of which party is the proper defendant does not affect whether this court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 (*i.e.*, the *de facto* substitution of State Farm Mutual in the place of State Farm Insurance Company – to the extent such substitution would be proper – would not result in the manufacturing of diversity in contravention of *De Jongh*).[7]

---

[4] Emphasis added.

[5] *De Jongh v. State Farm Lloyds*, 555 Fed. Appx. 435, 437 (5th Cir. 2014) (citations omitted).

[6] *Lefort v. Entergy Corp.*, Civil Action No. 15-1245, 2015 WL 4937906, at * 3 (E.D. La. Aug. 18, 2015).

[7] The *De Jongh* Court separated the procedural question of whether the removing entity had authority to remove from whether the court had subject matter jurisdiction. *De Jongh*, 555 Fed. Appx. at 438, 39 ("State Farm never properly became a defendant and therefore lacked the authority to remove this action to federal court; moreover, the district court lacked subject matter jurisdiction because each of the proper parties to this action – Jongh, Lloyds, and Johnson – are Texas residents.") & n. 5 ("State Farm contends that, to the extent it erred in improperly removing the case to federal court as a non-party, such error is, at worst, a 'procedural defect' that Jongh waived when she failed to move for remand within thirty days of removal. We disagree. State Farm's removal of this case did not transform it into a party to the case. Thus, even if we overlook the impropriety of State Farm removing, when we analyze the parties to the case for diversity, we find all Texas citizens, such that we lack diversity jurisdiction."). Although the Fifth Circuit has not directly ruled on the question of whether removal by a non-party is a procedural defect that can be waived, it has indicated that such a position is "plausible." *See*, *Wachovia Bank, N.A. v. PICC Prop. & Cas. Co. Ltd.*, 2009 WL 1370914, 328 Fed. Appx. 946, 948 & n. 1 (5th Cir. May 18, 2009) (per curium) (noting that "[i]n this Circuit, any objection to removal that does not involve whether the action could have originally been brought in federal district court is a procedural error that may be waived by a litigant's failure to object to removal within the 30-day period provided in § 1447(c), rather than a lack of subject matter jurisdiction."). One district court in this circuit recently disagreed that *De Jongh* allows a distinction between the question of subject matter jurisdiction and authority to remove. *See*, *Griffin v. Walmart, Inc.*, Civil Action No. 18-430, 2018 WL 2389750, at * 3-4 (N.D. Tex. May 25, 2018) (relying on *De Jongh*'s "broad language" that a non-party lacks authority to institute removal proceedings and disagreeing that *De Jongh* "addresses the specific circumstance of a court unilaterally allowing the substitution of a

2

Accordingly,

**IT IS HEREBY ORDERED** that by no later than **February 7, 2020**, State Farm Mutual Automobile Insurance Company shall file a Motion to Substitute the Notice of Removal with an Amended Notice of Removal which adequately alleges the citizenship of Plaintiff, State Farm Mutual Automobile Insurance Company, and State Farm Insurance Company.

The case shall be allowed to proceed if jurisdiction is adequately established. This Order does not impact any issues raised in the Motion to Remand.[8]

Signed in Baton Rouge, Louisiana, on January 30, 2020.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

diverse defendant in place of a non-diverse one.") (quoting *Richard v. USAA Cas. Ins. Co.*, No. CV 17-175, 2017 WL 8944429 (M.D. La. Mov. 30, 2017)). The *Griffin* court went on to hold that "under § 1441(a) and *De Jongh*, the analysis stops when a court has determined the removing party is not a defendant; if it is not, it cannot remove even if its citizenship is not being used to manufacture diversity." *Id*. at * 4. Significantly, the Motion to Remand in *Griffin* (which was filed within 30 days after the filing of the notice of removal) was premised on the argument that a non-party had improperly removed the action. The undersigned agrees that pursuant to 28 U.S.C. § 1441(a), only "the defendant or the defendants" have the right to remove; however, the undersigned considers removal by a non-party to be a waivable procedural defect. Here, although Plaintiff has filed a Motion to Remand, that defect has not been timely raised, *see*, 28 U.S.C. § 1447(c), and therefore this Order is only concerned with the non-waivable issue of whether subject matter jurisdiction exists.

[8] R. Doc. 8.

3