## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**JOSHUA E. SINS**             **CIVIL ACTION**

**VERSUS**             **NO. 19-791-JWD-SDJ**

**STATE FARM INSURANCE COMPANY**

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on August 10, 2020.

*/s/ Scott D. Johnson*

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOSHUA E. SINS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-791-JWD-SDJ** |
| **STATE FARM INSURANCE COMPANY** | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is a motion by Plaintiff Joshua E. Sins to remand this matter to the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana. (R. Doc. 8), filed December 17, 2019. Defendant State Farm Mutual Automobile Insurance Company opposes remand, filing a Memorandum in Opposition to Motion to Remand on January 6, 2020. (R. Doc. 11).

For the reasons that follow, it is recommended that Plaintiff's Motion to Remand (R. Doc. 8) be **denied**.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On August 2, 2017, Plaintiff was involved in a motor-vehicle accident in Baton Rouge, Louisiana.[1] Plaintiff settled his claims against the driver of the other vehicle, who was at fault, prior to filing the instant litigation.[2] At the time of the accident, Plaintiff had an automobile insurance policy issued by Defendant, which included Underinsured/Uninsured Motorist ("UM") Coverage.[3]

---

[1] R. Doc. 8-1, p. 1.
[2] *Id.*
[3] *Id.*

On July 31, 2019, Plaintiff filed suit against Defendant in the 19th Judicial District Court ("JDC").[4] In his Petition, Plaintiff lists the injuries he allegedly suffered as a result of the accident.[5] Plaintiff additionally demands the full policy limits of his UM Coverage, though he does not provide either the amount of that coverage or a copy of the applicable insurance policy, and asserts that his damages "are in excess of Fifty Thousand and 00/100 ($50,000.00) Dollars."[6] Plaintiff's Petition was served on Defendant on August 6, 2019.[7]

On September 30, 2019, Defendant propounded discovery requests on Plaintiff, to which Plaintiff provided responses on October 29, 2019.[8] In response to Defendant's first Request for Admission, which asked Plaintiff to "[a]dmit that your claim for damages is in excess of $75,000.00, exclusive of interest and costs," Plaintiff answered "Admit."[9]

Defendant then filed its Notice of Removal (R. Doc. 1) with this Court, asserting federal subject matter jurisdiction under 28 U.S.C. § 1332, on November 18, 2019.[10] Per Defendant, there is complete diversity of citizenship among the parties, and the matter in controversy exceeds the jurisdictional amount of $75,000.[11]

---

[4] R. Doc. 8-1, p. 2. As explained by Defendant in its Amended Notice of Removal, filed May 8, 2020, Plaintiff incorrectly named as Defendant the non-existent entity State Farm Insurance Company. R. Doc. 1, p. 1. The correct name of Defendant company is State Farm Mutual Automobile Insurance Company. *Id.*

[5] According to his Petition, Plaintiff allegedly suffered "continuous and severe pain in his lower back, mid back, upper back, neck, shoulders, buttock, upper legs, bilateral L5 spondylolysis, disc bulge, lumbar radiculopathy, lumbar disc disease, lumbar strain, lumbar sprain, and all other areas of his body, pain while sitting, pain while standing, pain while driving, pain while bending, pain while twisting, whiplash, numbness, tingling, nerve damage, and tissue damages, and many other injuries." R. Doc. 8-1, p. 2; R. Doc. 1-2, p. 3 ¶ 9. Plaintiff further alleges he suffered past, present, and future mental pain and suffering; loss of enjoyment of life; loss of future income; past, present, and future physical pain and suffering; past, present, and future medical expenses due to the injuries to Petitioner; and lost wages. R. Doc. 8-1, p. 2; R. Doc. 1-2, p. 3 ¶ 10.

[6] R. Doc. 1-2, p. 4 ¶¶ 12-13.

[7] R. Doc. 8-1, p. 2.

[8] R. Doc. 1, pp. 2-3 ¶¶ 4-5.

[9] R. Doc. 1-2, p. 16.

[10] R. Doc. 1, pp. 3-4 ¶¶ 8-11.

[11] R. Doc. 1, pp. 3-4 ¶¶ 8-10.

In response, on December 17, 2019, Plaintiff filed the instant Motion to Remand (R. Doc. 8) in which he argues that Defendant's Notice of Removal was untimely.[12] Specifically, Plaintiff argues that Defendant filed its Notice of Removal more than 30 days after receiving, through service of process, Plaintiff's Petition, from which Defendant could have ascertained that the case was removable, making it untimely under 28 U.S.C. § 1446(b).[13] In addition, Plaintiff seeks costs and attorneys' fees associated with the removal under 28 U.S.C. § 1447(c).[14]

Defendant filed a Memorandum in Opposition to Motion to Remand (R. Doc. 11) on January 6, 2020, claiming that it timely filed its Notice of Removal within 30 days of receipt of Plaintiff's October 29, 2019 discovery response admitting the jurisdictional amount in controversy had been satisfied.[15] Per Defendant, Plaintiff's Petition was not originally removable as it "failed to set forth specific, affirmative allegations in objective text that the amount in controversy exceeded $75,000.00."[16] Thus, Defendant claims it was not until it received Plaintiff's response admitting that his claim for damages exceeded $75,000.00 that it could first be ascertained that the case was removable.[17] Because the Notice of Removal was filed within 30 days of receipt of that discovery response, Defendant asserts removal was timely.[18]

## II.    LAW AND ANALYSIS

A party may remove an action from state court to federal court if the action is one over which the federal court has subject matter jurisdiction. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citing 28 U.S.C. § 1441(a)). The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper. *Id.* (citations

---

[12] R. Doc. 8-1, pp. 5-7.
[13] R. Doc. 8-1, pp. 6-7.
[14] R. Doc. 8, p. 1.
[15] R. Doc. 11, p. 1.
[16] *Id.*
[17] R. Doc. 11, p. 2; R. Doc. 1-2, p. 16.
[18] R. Doc. 11, p. 2.

omitted). "Any doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction." *Bartel v. Am. Export Isbrandtsen*, 64 F.Supp.3d 856, 862 (M.D. La. 2014) (citing *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000)). "Removal statutes are to be construed strictly against removal and for remand, and a failure to timely file a notice of removal is a defect that requires remand to state court." *Delaney v. Viking Freight, Inc.*, 41 F.Supp.2d 672, 674 (E.D. Tex. 1999) (citing *Eastus v. Blue Bell Creameries, L.P.*, 97 F.3d 100, 106 (5th Cir. 1996); *Royal v. State Farm Fire & Cas. Co.*, 685 F.2d 124, 127 (5th Cir. 1982)) (internal citations and quotations omitted).

28 U.S.C. § 1446 sets forth the general procedure for removal. *See Vinson v. Sheraton Operating Corp.*, No. 01-1444, 2001 WL 1090793, at *1 (E.D. La. Sept. 14, 2001). Generally, a civil action must be removed within 30 days after the defendant received "a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." 28 U.S.C. § 1446(b)(1). However, if the case is not removable based on the initial pleading, "a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." § 1446(b)(3). The Fifth Circuit has held that "the information supporting removal in a copy of an amended pleading, motion, order or other paper must be 'unequivocally clear and certain' to start the time limit running for a notice of removal under the second paragraph of section 1446(b) [now known as 1446(b)(3)]."[19] *Bosky v. Kroger Tex., LP*, 288 F.3d 208, 211 (5th Cir. 2002). Additionally, in the

---

[19] As explained in *Credeur v. York Claim Serv.*, No. 13-1367, 2013 WL 4814231, at *3 (W.D. La. Sept. 9, 2013): "Prior to the revision of Section 1446 effective December 7, 2012, the text that now appears in Section 1446(b)(1)

context of § 1446(b)'s "other paper" doctrine, "a case becomes removable only when a 'voluntary act' of the plaintiff makes it ascertainable for the first time that a case is removable." *Schaefer v. Kodiak Mfg., Inc.,* No. 11-619, 2011 WL 1656081, at *3 (E.D. La. May 2, 2011) (citing *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 494 (5th Cir. 1996)).

With respect to the 30-day period from the defendant's receipt of the initial pleading, per § 1446(b)(1), the Fifth Circuit has provided a bright line rule that "the thirty-day removal period under the first paragraph is triggered only where the initial pleading '*affirmatively reveals on its face* that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court'." *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 399 (5th Cir. 2013) (quoting *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 (5th Cir. 1992)) (emphasis added by *Mumfrey*). Additionally, the Fifth Circuit has rejected a "due diligence" standard that would require a defendant to inquire as to the amount in controversy and has instead set out a bright line rule. *Chapman*, 969 F.2d at 163.[20] If a plaintiff wants the 30-day period in § 1446(b)(1) to run from the defendant's receipt of the initial pleading, a plaintiff should place in that pleading "a specific allegation that damages are in excess of the federal jurisdictional amount." *Chapman*, 969 F.2d at 163.[21] The initial pleading in this action does not contain a specific allegation that damages are in

---

was the first paragraph of Section 1446(b) (with certain minor revisions), while the text that now appears in Section 1446(b)(3) was a part of the second paragraph of Section 1446(b). Therefore, the jurisprudence predating December 7, 2012 and referring to the first and second paragraphs of Section 1446(b) now pertains to Section 1446(b)(1) and (3), respectively."

[20] *See also S.W.S. Erectors*, 72 F.3d at 494 ("[T]his Court has held that the defendant's subjective knowledge cannot convert a case into a removable action.") (citing *Chapman*, 96 F.2d at 163).

[21] Such a statement would provide notice to defendants that the removal clock had been triggered, but would not run afoul of state laws, such as Louisiana, that prohibit pleading unliquidated damage amounts. *See* La. C.C.P. art. 893. In *Bosky, supra*, the Fifth Circuit addressed *Chapman* and suggested, in dicta, that specific damage estimates in the initial pleading that are less than the minimum jurisdictional amount can be combined with other unspecified damage claims to trigger the time limit for filing the notice of removal. 288 F.3d at 210. In *Mumfrey*, a subsequent panel criticized this portion of *Bosky*, questioned the authority upon which it relied, and noted that if there is a conflict between *Chapman* and *Bosky*, *Chapman* controls as the earlier opinion. *Mumfrey*, 719 F.3d at 400 (characterizing this portion of Bosky as "a line that has become the source of significant confusion" and as "incorrect"). *See Clark v. Dolgencorp, LLC*, No. 13-2336, 2014 WL 458220, *3 (W.D. La. Feb. 4, 2014) ("*Mumfrey* expressly rejected the dicta in *Bosky* that was the cause of confusion and instead reiterated that the 'bright line rule' set forth in *Chapman* applies").

excess of the federal jurisdictional amount. Accordingly, the 30-day period for removing the action set out in § 1446(b)(1) was not triggered by service of the initial pleading.

Despite Plaintiff's failure to include such an allegation regarding the amount of damages being sought in his initial pleading, Plaintiff offers several other arguments as to why receipt of his Petition should have triggered the 30-day removal window. First, as previously stated, Plaintiff claims that "it was apparent from the face of the Petition that the amount in controversy exceeded $75,000 at the time of service of the Petition."[22] However, this is not the proper standard to be applied here. In a case in which, post-removal, there is a question as to whether the jurisdictional amount in controversy has been met, a court must determine whether the amount in controversy is "facially apparent" based on the allegations in the original pleading. *Mumfrey*, 719 F.3d at 400 (citing *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000); *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999)). Hence, Plaintiff here lists his extensive array of alleged injuries from the automobile accident, claiming such injuries make the jurisdictional amount apparent on the face of the complaint and citing cases in which Louisiana courts have awarded damages in excess of $75,000 for similar injuries.[23] "However, the 'facially apparent' inquiry is relevant only to 'amount dispute' cases" and is inapplicable here. *Mumfrey*, 719 F.3d at 400 (rejecting application of the facially apparent test in a case determining timeliness of removal). As such, for his Petition to trigger the 30-day time limit for removal, Plaintiff must have made a specific allegation that damages are in excess of the federal jurisdictional amount. Plaintiff failed to do so. This argument, therefore, is without merit.

---

[22] R. Doc. 8-1, p. 2.
[23] R. Doc. 8-1, p. 4. Plaintiff subsequently (and similarly) argues that based on his provision of medical records and Defendant's provision of a copy of Plaintiff's insurance policy, "there is no question that Defendant could have ascertained that the case was removal [sic] at the time of service of Plaintiff's Petition and again at time of filing of its Answer." R. Doc. 8-1, pp. 7-8. This, however, is merely a continuance of Plaintiff's reliance on an inappropriate, inapplicable standard here. Further, as explained below, neither Plaintiff's provision of his medical records nor Defendant's provision of Plaintiff's insurance policy triggered the 30-day removal window.

Second, Plaintiff argues that "Defendant was aware [of] Plaintiff's injuries and treatment prior to the date of filing of Plaintiff's Petition for Damages, due to the medical records that were provided by Plaintiff to Defendant on June 19, 2019."[24] This argument, however, has been expressly rejected. In *Chapman*, the Fifth Circuit held that for an "other paper" to trigger the 30-day time period set forth in § 1446(b)(3), that "other paper" must be received by the defendant *after* the defendant receives the initial pleading. 969 F.2d at 164 (finding that a pre-suit letter from plaintiff's counsel advising of medical expenses exceeding the jurisdictional threshold as well as pre-suit receipt of medical bills did not trigger the 30-day "other paper" deadline upon defendant's receipt of the initial pleading because "[b]y its plain terms, the statute requires that if an 'other paper' is to trigger the thirty-day time period of the second paragraph of § 1446(b), the defendant must receive the 'other paper' after it receives the initial pleading."). Thus, the medical records supplied by Plaintiff on June 19, 2019, prior to receipt by Defendant via service of Plaintiff's Petition on August 6, 2019, are insufficient to trigger the 30-day removal time limit.

Third, Plaintiff asserts that Defendant was aware that Plaintiff was seeking to recover the full limits of his UM Coverage, which limit was $250,000.00.[25] Defendant provided Plaintiff a certified copy of his policy, reflecting this limit, on September 3, 2019.[26] Plaintiff appears to argue that provision of this certified copy of his insurance policy by Defendant is evidence that Defendant knew of Plaintiff's policy limits.[27] This argument also fails. As explained above, the Fifth Circuit has rejected a "due diligence" standard that would require a defendant to inquire as to the amount in controversy, *i.e.*, inquire as to the limits of Plaintiff's insurance policy, and has

---

[24] R. Doc. 8-1, p. 4.
[25] R. Doc. 8-1, p. 5.
[26] *Id.*
[27] As argued by Plaintiff, "Defendant will attempt to argue that, at the time of service, it had no knowledge of Plaintiff's UM policy limits; however, Defendant provided a certified copy to Plaintiff on September 3, 2019." R. Doc. 8-1, p. 6.

instead set out a bright line rule that the initial pleading must affirmatively reveal on its face that Plaintiff is seeking damages in excess of the minimum jurisdictional amount. *See Mumfrey*, 719 F.3d at 400; *Chapman*, 969 F.2d at 162. Thus, Defendant had no obligation to determine the limits of Plaintiff's policy, even if it had the ability to do so, and a mere mention of unspecified "policy limits" in Plaintiff's Petition does not constitute an affirmative statement that Plaintiff seeks in excess of $75,000.

Finally, the Court notes that Plaintiff does, in fact, make a statement in his Petition regarding the amount of damages being sought, stating only that he seeks in excess of $50,000. Had Plaintiff wanted to trigger the 30-day removal window with service of his Petition, he merely had to increase the minimum amount of damages being sought. He failed to do so.

Turning now to whether removal was timely under § 1446(b)(3), *i.e.*, within 30 days of Defendant's receipt "of an amended pleading, motion, order or other paper from which is may first be ascertained that the case is one which is or has become removable," Defendant asserts receipt of Plaintiff's discovery response on October 29, 2019, triggered the 30-day removal window. This Court agrees. As set forth above, in his discovery response, Plaintiff specifically admits that the damages being sought exceed the jurisdictional amount of $75,000.[28] Such an admission makes jurisdiction "unequivocally clear and certain."[29] *See Cole ex rel. Ellis v. Knowledge Learning Corp.*, 416 Fed.Appx. 437, 440 (5th Cir. 2011) (explaining that "[a] discovery response may constitute an 'other paper'" where such response is "'unequivocally clear and certain,' so that defendant may ascertain the action's removability"). Further, this was the first document

---

[28] R. Doc. 1-2, p. 16.
[29] The parties do not dispute that diversity of citizenship between the parties exists. Per Plaintiff, "[t]here is no question that both parties are diverse." R. Doc. 8-1, p. 4.

generated by Plaintiff, thereby constituting a voluntary act by Plaintiff, from which it could be ascertained that the case was removable.[30]

This finding is further supported by the Fifth Circuit's decision in *Chapman*. In *Chapman*, the plaintiff's petition, while revealing diversity of citizenship, did not plead a specific amount of damages. 969 F.2d at 161. More than a month following service of the petition on the defendant, the plaintiff answered defendant's first set of interrogatories, asserting he had suffered in excess of $800,000 in damages. *Id.* The Fifth Circuit found that the defendant's removal of the case within 30 days of receipt of the interrogatory response was timely because "[c]learly the answer to interrogatory which triggered the filing of the notice of removal in this case is…an 'other paper'." *Id.* at 164. In reaching this decision, the Fifth Circuit found not only that the initial pleading was not removable because it did not reveal on its face that the amount in controversy was met, but also that the medical bills and settlement demand letter received by the defendant did not trigger the 30-day removal period because they were received prior to the initial pleading being filed. *Id.* at 165. The same is true here.

Accordingly, this Court finds that the 30-day deadline for removal set forth in § 1446(b)(3) was triggered by Defendant's receipt of Plaintiff's discovery response admitting that the damages being sought exceeded the jurisdictional amount in controversy. Because Defendant filed its Notice of Removal within 30 days of receipt of that response, Defendant's removal was timely.

---

[30] Although Plaintiff does not make this specific argument, the Court notes that Defendant's provision of a certified copy of Defendant's insurance policy to Defendant on September 3, 2019, did not trigger the 30-day removal time limit because it was not a voluntary act by Plaintiff, as required to constitute "other paper" under § 1446(b)(3). *See Fellowship Missionary Baptist Church v. GuideOne Specialty Mut. Ins. Co*, No. 08-2659, 2008 WL 2951347, at *3 (E.D. La. July 25, 2008) (because defendant created the tender at issue and delivered it to the plaintiff, it was not the product of a voluntary act by the plaintiff and, therefore, was not an "other paper" under § 1446(b)(3)).

## III. CONCLUSION AND RECOMMENDATION

For the reasons set forth above, **IT IS RECOMMENDED** that Plaintiff's Motion to Remand (R. Doc. 8) be **DENIED**.

Signed in Baton Rouge, Louisiana, on August 10, 2020.

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**